IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MT. HAWLEY                          §
INSURANCE COMPANY,                  §
                                    §
    Plaintiff,               §
                                    §
v.                                  §        Civil Action No. 4:19-cv-04033
                                    §
TEXGUARD SERVICES, INC., PHAT       §
MACH, and JASON HUERTA,             §        Jury Trial Requested
                                    §
    Defendants.              §

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") files this Original Complaint for Declaratory Relief and respectfully shows as follows:

### I.

### PARTIES

1.    Plaintiff Mt. Hawley Insurance Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois.  Mt. Hawley is therefore considered a citizen of the State of Illinois.

2.    Defendant Texguard Services, Inc. ("Texguard") is a corporation organized and existing under the laws of the State of Texas.  Texguard's principal place of business is located within Texas.  Texguard may be served through its registered agent, Pablo Garza, 5116 Laura Koppe Road, Houston, TX 77016.

3.    Defendant Phat Mach ("Mach") is a resident of Houston, Harris County, Texas, and may be served at 14641 Gladebrook Drive, Ste. 7, Houston, TX 77068, or wherever he may be found.

4.      Defendant Jason Huerta ("Huerta") is a resident of Houston, Harris County, Texas, and may be served at 14101 Bonito Rd., Houston, Texas 77083 or wherever he may be found.

## II.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount.  Texguard seeks coverage under a policy issued by Mt. Hawley.  The citizenship of Mt. Hawley is completely diverse from the citizenship of the defendants in this suit.  Mt. Hawley is considered to be a citizen of the State of Illinois.  Defendants Texguard, Mach, and Huerta are considered citizens of the State of Texas. No defendant is a citizen of Illinois and complete diversity exists between Mt. Hawley and defendants.  The amount in controversy exceeds $75,000.00, excluding interest and costs.  The claimant in the underlying action, for which insurance coverage is sought by Texguard, expressly pleads for damages in excess of minimum jurisdictional limits of this Court.  Plaintiffs' pleading in the underlying action seeks "monetary relief of over $200,000, but not more than $1,000,000." Furthermore, the limits on the policy at issue exceed the minimum jurisdictional amount.

6.      This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201-2202.  An actual and substantial controversy exists between the parties.  By this action, Mt. Hawley seeks a declaration that it does not owe a duty to defend or indemnify Texguard in connection with the underlying lawsuit styled *Phat Mach and Jason Huerta v. Juan Jaimes and 8412 S. Gessner LLC and Jaimes Entertainment Inc., d/b/a Bravo*

ORIGINAL COMPLAINT FOR DECLARATORY RELIEF -- Page 2
[3913219v2]

*Night Club, d/b/a Bravo Disco and Texguard Services, Inc.*, Cause No. 2019-27138, in the 269th Judicial District Court of Harris County, Texas (the "Underlying Action").

7.      In the Underlying Action, defendants Mach and Huerta are the plaintiffs and seek recovery of damages from Texguard and others.  Mach and Huerta allege that they were injured during a shooting at a bar located at 8412 South Gessner Road, Houston, Texas.  A true and correct copy of the live petition in the Underlying Action, Plaintiffs' Second Amended Petition, is attached as <u>Exhibit A</u>.

8.      Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and all three defendants reside in this District and Division.  Acts and omissions related to the insurance coverage at issue and the Underlying Action occurred in Harris County, Texas, which is within this District and Division.  The incident giving rise to the Underlying Action occurred within this District and Division.  Furthermore, Texguard's principal office and place of business is located within this District and Division, both Mach and Huerta reside within this district and division, and all three defendants are subject to personal jurisdiction in this District and Division.

### III.

### <u>FACTUAL BACKGROUND</u>

#### A.  THE MT. HAWLEY POLICY

9.      Mt. Hawley Insurance Company issued a Commercial General Liability ("CGL") insurance policy to Texguard, Policy No. PGA0002882, with a policy period of August 23, 2017 to August 23, 2018 (the "Policy").  A true and correct copy of the Policy is attached as <u>Exhibit B</u>. The Policy has a per occurrence limit of $1 million.  The Policy provides that Mt. Hawley "will

have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."  *See* Ex. B at CG 00 01 04 13 at p. 1 of 17.

10.     The Policy contains a Specific Work exclusion.  The exclusion provides that there is no coverage under the policy for bodily injury arising out of operations involving bars, taverns, lounges, gentleman's clubs, and nightclubs:

### EXCLUSION – SPECIFIC WORK

. . .

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of the specific work listed in the **Schedule** below, regardless of whether such specific work is conducted by you or on your behalf or whether the specific work is conducted for yourself or others.

This exclusion also applies even if other causes contribute to or aggravate the "bodily injury," "property damage" or "personal and advertising injury."

*See* Ex. B at SGL 312 (10/12).  The **Schedule**, in turn, identifies "Any and all operations involving bars, taverns, lounges, gentlemen's clubs and nightclubs" as "Specific Work."  *Id.*

11.     The Policy also contains a Punitive Damages exclusion.  The exclusion provides that there is no coverage for a punitive damages award:

### EXCLUSION – PUNITIVE DAMAGES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following exclusion is added to **COVERAGE A, B,** and **C (Section I)**:

This insurance does not apply to any expenses or payments for "punitive or exemplary damages" awarded against you or any other person or organization.

The following Definition is added:

ORIGINAL COMPLAINT FOR DECLARATORY RELIEF -- Page 4
[3913219v2]

> "Punitive or exemplary damage" are exemplary or aggravated damages which are awarded in addition to those damages which are intended to compensate the injured party for its loss.

*See* Ex. B at CGL 202 (04/98).

### B.   THE UNDERLYING ACTION

12.     The underlying action involves a shooting that took place at a night club in Houston, Texas on August 19, 2018.  Phat Mach and Jason Huerta (the "Underlying Plaintiffs") filed suit in Texas state court against Juan Jaimes, 8412 S. Gessner LLC and Jaimes Entertainment Inc. (d/b/a as Bravo Nite Club and Bravo Disco), and Texguard.  The Underlying Plaintiffs allege that they were leaving the Bravo Nite Club when two security guards employed by Texguard and Bravo Nite Club followed them to their vehicle.  The two security guards then allegedly ordered the Underlying Plaintiffs from their vehicle and began firing live rounds into the vehicle to "scare" them into compliance.  One round allegedly "grazed" Phat Mach's forehead.  The Underlying Plaintiffs fled the scene and called the police.

13.     According to the Second Amended Petition, the alleged employees, Rafeal Oliva and Marlon Hernandez, were arrested at the scene, are currently incarcerated, and have been charged with aggravated assault with a deadly weapon.  The Underlying Plaintiffs seek damages for alleged personal injuries and mental anguish incurred as a result of the shooting, as well as punitive damages.

14.     The Second Amended Petition asserts direct causes of action against Texguard for negligence and gross negligence relating to the hiring, training and supervision of the alleged employees involved, and also assert a vague claim that Texguard may have assisted and encouraged the employees' actions and could be liable as a vice-principal, an alter-ego, or under the doctrine of respondeat superior.

ORIGINAL COMPLAINT FOR DECLARATORY RELIEF -- Page 5
[3913219v2]

### C.   THE COVERAGE DISPUTE

15.    Mt. Hawley disputes that it owes any duty to defend or any duty to indemnify in connection with the Underlying Action because all of the claims in the Underlying Action are excluded by the Specific Work and Punitive Damages exclusions.

## IV.

## DECLARATORY RELIEF

16.    Mt. Hawley incorporates by reference the allegations stated above.

17.    All conditions precedent to the filing and maintenance of this action and for the relief requested have occurred or have been performed.

18.    A declaratory judgment is necessary to determine the rights of the parties to this suit concerning the Policy and the Underlying Action.

19.    Coverage regarding the Underlying Action is excluded pursuant to the clear and unambiguous language of the Specific Work and Punitive Damages exclusions in the Policy.  As a result, Mt. Hawley seeks a declaratory judgment by this Court that the Policy does not provide coverage for loss or damage asserted in the Underlying Action against Texguard or for defense or indemnity to Texguard.

## V.

## JURY DEMAND

20.    Mt. Hawley requests that this civil action be tried before a jury.

## VI.

## PRAYER

21.    Wherefore, Mt. Hawley Insurance Company respectfully requests judgment as follows:

1.  A declaration that the Mt. Hawley Policy does not provide coverage for the incident, any injury to Claimants, the Underlying Action or for any damages that could be awarded in the Underlying Action;

2.  A declaration that Mt. Hawley has no duty to defend, indemnify or otherwise pay and that such a duty cannot arise out of the August 19, 2018 incident;

3.  A declaration that the Specific Work exclusion applies to the Underlying Action and precludes coverage;

4.  A declaration that the Punitive Damages exclusion applies to Claimants' punitive damages claim in the Underlying Action ; and

5.  For such other and further relief in law or equity to which Mt. Hawley Insurance Company is justly entitled.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
Attorney-In-Charge
State Bar No. 21781900
S.D. Tex. Bar No. 13078
gwinslett@qslwm.com
ANTHONY W. KIRKWOOD
State Bar No. 24032508
S.D. Tex. Bar No. 95490
tkirkwood@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**